IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHARLES WINSTON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 07-0549-CV-W-ODS |
| ) | Crim. No. 04-00041-02-CR-W-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER AND OPINION (1) DENYING MOTION FOR POSTCONVICTION RELIEF
PURSUANT TO 28 U.S.C. § 2255 AND (2) DENYING CERTIFICATE OF
APPEALABILITY

Pending is Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. The motion is denied, and the Court declines to issue a Certificate of Appealability.

I. BACKGROUND

Movant was convicted following a jury trial on one count of possessing more than fifty grams of crack cocaine with the intent to distribute. Movant was the subject of an arrest warrant from the State of Kansas, where he was wanted in connection with a murder. The FBI obtained information indicating Movant was at a specific house located on Raytown Road, and following a stand-off arrested Movant, his co-defendant, Chatha Tatum, and a third occupant. Following the arrest, the house was searched pursuant to a search warrant that had been issued. Law enforcement officers recovered crack cocaine, marijuana, firearms, and other drug paraphernalia.

Tatum plead guilty to the charge of conspiring to possess more than fifty grams of crack cocaine with the intent to distribute; Movant plead not guilty and the matter was tried to a jury. Movant was convicted, and his conviction and sentence were affirmed on appeal. United States v. Winston, 456 F.3d 861 (8th Cir. 2006). Movant now contends

his trial and appellate attorney[1] provided ineffective assistance in failing to (1) contest the legality of the search and (2) failing to assert a violation of Brady v. Maryland, 373 U.S. 83 (1963). Movant also asserts the Fourth Amendment and Brady violations as independent grounds for relief, arguing counsel's ineffectiveness serves as cause and prejudice sufficient to overcome the failure to raise these issues at trial and on appeal.

## II. MOVANT'S CLAIMS

Movant contends the officers lacked a basis for executing a warrantless search of the house, and his attorney was ineffective for failing to raise this issue at trial and on appeal. A detailed discussion of the law governing the right to effective assistance of counsel and the Fourth Amendment is unnecessary because Movant consistently ignores a very important fact: the officers *did not* execute a warrantless search of the house. The officers had a warrant authorizing their search, so none of Movant's arguments have any application in this case.[2]

The alleged Brady violation stems from statements made by Tatum at what Movant describes as Tatum's "initial plea hearing" wherein Tatum declared Movant "had nothing to do with possessing" the drugs. Movant also points to a passage from his own sentencing hearing, wherein his attorney declared Tatum "was just sentenced [and] indicated to the court that Mr. Winston didn't have anything to do with it . . . ."

Brady obligates the Government to provide a criminal defendant with evidence favorable to the accused when that evidence is material to guilt or punishment. E.g., Evenstad v. Carlson, 470 F.3d 777, 784 (8th Cir. 2006). Movant contends Tatum provided a statement during a court proceeding that tended to exculpate him, but Movant has not precisely identified the statement he believes the Government should

---

[1] The same attorney represented Movant on appeal and at trial.

[2] The Government also argues Movant lacks standing to raise the issue because he did not live in, or other possess a privacy interest in, the house. The Court is inclined to agree with the Government, but there is no need to reach the issue.

2

have produced or the court proceeding in which it was made. A review of the possibilities demonstrates there was no Brady violation. First, regardless of the proceeding in which Tatum's statement allegedly occurred, it would have been available to Movant and his counsel – the Rule 11 and sentencing proceedings were not closed. In fact, by relying on his attorney's representation of what Tatum allegedly said, Movant demonstrates the Government did not suppress or hide the "evidence." Second, Tatum's statements during his Rule 11 proceeding demonstrates Tatum implicated Movant – he did not exonerate him. Third, if the statement occurred at Tatum's sentencing hearing (as suggested by the transcript excerpt Movant has provided), the Government could not have provided it to Movant for use in his trial because Movant's trial occurred approximately five months before Tatum was sentenced. There was no Brady violation, and counsel was not ineffective for failing to argue that one occurred. E.g., Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (discussing standard for ineffectiveness established in Strickland v. Washington, 466 U.S. 668 (1984)).

## III. CERTIFICATE OF APPEALABILITY

In order to appeal, Movant must first obtain a Certificate of Appealability. The Court customarily issues an Order addressing the Certificate of Appealability contemporaneously with the order on the Petition because the issues are fresh in the Court's mind and efficiency is promoted. 28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires Movant to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quotation omitted). When a Certificate of Appealability is denied, the court is required to "state why such a certificate should not issue." Fed. R. App. P. 22(b).

Movant's arguments regarding the validity of a warrantless search are irrelevant because a warrant was issued. Nothing could be gained by continuing to litigate whether the officers were justified in conducting a warrantless search. Movant's argument that the Government withheld exculpatory information is belied by the Record: Movant does not identify the information in question or its source. Regardless of the source of the information, it was either available to Movant or did not exist until after his trial; either way, <u>Brady</u> was not violated.

### IV. CONCLUSION

For these reasons, Movant's request for postconviction relief is denied, and the Court declines to issue a Certificate of Appealability.
IT IS SO ORDERED.

    /s/ <u>Ortrie D. Smith</u>
    ORTRIE D. SMITH, JUDGE
DATE: December 20, 2007    UNITED STATES DISTRICT COURT